IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA A. BOWEN, :

    Plaintiff, : Case No. 3:18-cv-48

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

    Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #13); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On May 6, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Plaintiff has filed Objections to the Report and Recommendations (Doc. #13).

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

*LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allev. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11), as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #5), and a thorough review of the applicable law, this Court ADOPTS the aforesaid Report and

Recommendations in their entirety. Plaintiff's Objections to the Report and Recommendations (Doc. #13) are OVERRULED.

Plaintiff argues that, in rendering his non-disability decision, the Administrative Law Judge ("ALJ") essentially substituted his own opinion for that of treating physicians Dr. Harold Brown and Dr. Amita Oza. If well-supported and not inconsistent with other substantial evidence in the record, a treating source's opinion must be given controlling weight. Plaintiff maintains that clinical signs and symptoms supported the opinions of Dr. Brown and Dr. Oza, and there was no substantial evidence to contradict them. The Court overrules this Objection.

Magistrate Judge Ovington properly found that the ALJ provided good reasons for giving the opinions of these treating physicians little weight. Dr. Brown opined that Plaintiff was unable to work at all. The ALJ noted that Dr. Brown rendered this opinion on the same date that he began treating Plaintiff, and found no support in the record for Dr. Brown's assertion that Plaintiff is unable to lift and can only sit/stand/walk for 15 minutes. Doc. #5-2, PageID#61.

The ALJ noted that, although medical records indicate that Plaintiff has some tenderness in her lower lumbar spine, discomfort with range of motion of the hips at extremes, and restricted range of motion at the lumbar spine, her only treatment has consisted of prescribed medication, not "the type of treatment one would expect for an individual claiming to suffer from disabling chronic back pain." Doc. #5-2, PageID#58. No physical therapy, chiropractic care, injections, or surgical

4

intervention were recommended, and she does not require an ambulatory device. On several occasions, Plaintiff reported having little or no back pain. Doc. #5-2, PageID#58. Although Plaintiff has left-hand paresthesia, she has not complied with the treatment regimen for it, and has often denied weakness or numbness in that hand. Again, the ALJ found that the minimal treatment is not consistent with her allegations about the severity of her symptoms. *Id.* The same was true with respect to Plaintiff's complaints of asthma. *Id.* at PageID#59.

Dr. Oza opined that Plaintiff would be limited to sedentary work. The ALJ explained that he gave Dr. Oza's opinion little weight because, despite the tenderness in Plaintiff's lumbar spine and limited range of motion in the hips, there was no evidence of radiculopathy. The ALJ again noted that Plaintiff did not require an ambulatory aid and had sought limited treatment for her back pain. Doc. #5-2, PageID#62.

Plaintiff maintains, however, that the ALJ is not qualified to interpret raw medical data in functional terms. The ALJ noted that an October 29, 2015, x-ray revealed "degenerative changes most pronounced at L4-5 with degenerative facet disease and grade 1 anterior spondylolisthesis." *Id.* at PageID#54. Although a radiologist reviewed this x-ray, neither the radiologist nor any other doctor interpreted these abnormalities in functional terms. Plaintiff therefore argues that there is no *medical* basis to conclude that the medical data is inconsistent with the opinions of Dr. Brown or Dr. Oza.

5

Assuming *arguendo* that Plaintiff is correct about the x-ray, this does not change the fact that the ALJ gave numerous *other* reasons why the opinions of the treating physicians were inconsistent with other substantial evidence in the record. For example, despite Plaintiff's complaints of back pain, she had not sought or received any treatment other than prescribed medication. The ALJ found that her failure to seek more extensive treatment was inconsistent with her allegations about the severity of her symptoms. Doc. #5-2, PageID#58. Moreover, Plaintiff's complaints of back pain, weakness and numbness were intermittent, and she did not require an ambulatory device. *Id.* In addition, the ALJ noted that Plaintiff was able to sit through the entire hearing without any sign of pain or other distress. *Id.* at PageID#61.

For these reasons, the Court finds that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Court therefore AFFIRMS that decision.

Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 26, 2019

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT